UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wilson C. Atkinson, #067558, | ) | C/A No. 3:10-947-RBH-JRM |
| Plaintiff, | ) | |
| vs. | ) | |
| Mr. Leroy Cartledge, Warden; Mr. Robert E. Ward, | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

This matter is before the Court on a *pro se* complaint filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff's request to proceed *in forma pauperis* should be denied, and Plaintiff's complaint should be dismissed if he fails to timely pay the full filing fee. Plaintiff is subject to a pre-filing review order entered in *Atkinson v. Graham*, 78-745-SB (D.S.C. Sept. 1978) (directing that a magistrate judge must scrutinize any further pleadings from this plaintiff for the presence of supporting affidavits or exhibits and to decide if the complaint is of doubtful merit, and the magistrate judge should recommend in any action brought pursuant to 42 U.S.C. § 1983 whether the plaintiff has demonstrated cause that he should be permitted to proceed *in forma pauperis*).[2] Plaintiff is also

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] It is appropriate for this District Court to take judicial notice of the plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

subject to the "three strikes" rule of the Prison Litigation Reform Act. *See Atkinson v. Bundy*, 3:97-3175-19BC (D.S.C. Nov. 6, 1997) (finding that the plaintiff has, on three or more prior occasions, filed frivolous actions with this court, and that the "three-strikes" provision set forth in 28 U.S.C. § 1915(g) is applicable).

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Plaintiff filed this civil rights complaint alleging that he is in the security detention or S.M.U., and Plaintiff alleges that the defendants have failed to review his case to determine whether he may be released to the general population. Plaintiff alleges that SCDC policy requires that the warden will review a prisoner's record every thirty (30) days to determine if continued confinement in security detention is warranted. Plaintiff alleges that he has

received no such review from the warden. Plaintiff seeks money damages and to be released into the general population.

It appears that Plaintiff has been incarcerated within SCDC since 1968. As noted above, in 1978, the Honorable Sol Blatt, Jr., entered a pre-filing review order regarding Plaintiff's attempt to file future cases in this court *in forma pauperis*. Moreover, as noted above, in 1997, the Honorable Dennis W. Shedd entered an order finding that Plaintiff had filed at least three "frivolous actions" in this court and that the "three-strikes" provision in 28 U.S.C. § 1915(g) applied to Plaintiff's future civil actions filed in this court. In light of Plaintiff's being subject to the "three-strikes" rule, Plaintiff cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. *See* 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998). This complaint does not fit within this exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury. Additionally, pursuant to the terms of the pre-filing review order, this court does not believe that Plaintiff should be permitted to bring this case *in forma pauperis*. Therefore, to proceed with this complaint, Plaintiff should be required to pay the full filing fee. If Plaintiff timely pays the filing fee, his complaint will then be subject to review by the undersigned to determine if service of process should be authorized. If Plaintiff does not timely pay the full filing fee, this action should be dismissed without prejudice and without service of process by the District Judge.

## **Recommendation**

Accordingly, it is recommended that Plaintiff's motion to proceed *in forma pauperis* should be denied. It is further recommended that Plaintiff be given fifteen (15) days from the date the

District Judge rules on this Report and Recommendation to pay the full filing fee (currently $350)[3]. If Plaintiff fails to timely pay the full filing fee, the Clerk of Court shall refer this action to the District Judge for an additional order to dismiss this action, and it is recommended that this action should be dismissed without prejudice. Should Plaintiff timely pay the full filing fee, the Clerk of Court shall refer this matter to the undersigned to conduct a review of Plaintiff's complaint under § 1915A.

                                                          Joseph R. McCrorey
                                                          United States Magistrate Judge

April 26, 2010
Columbia, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

---

[3] Payment should be made to: *Clerk, U.S. District Court*, 901 Richland Street, Columbia, South Carolina, 29201.

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).