IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Wilson C. Atkinson, #67558, ) | Civil Action No.: 3:10-947-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Mr. Leroy Cartledge, Warden, ) | |
| Mr. Robert E. Ward, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, a state prisoner, proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at McCormick Correctional Institution, in McCormick, South Carolina. Plaintiff is subject to a pre-filing review order entered in *Atkinson v. Graham*, 78-745-SB (D.S.C. 1978).

This matter is now before the court with the [Docket Entry 7] Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey[1] filed on April 26, 2010. In his Report, the Magistrate Judge recommended that Plaintiff's [Docket Entry 2] Motion to Proceed *in forma pauperis* should be denied, and his complaint dismissed if he fails to pay the full filing fee (currently $350) within fifteen (15) days of the date of this Order. Plaintiff timely filed objections to the Magistrate Judge's Report on April 30, 2010.[2]

---

[1] This matter was referred to Magistrate Judge McCrorey pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

In his Report, the Magistrate Judge first noted that Plaintiff is subject to a pre-filing review order. *See* Report at 1 (citing *Atkinson*, 78-745-SB). The Magistrate Judge then found that Plaintiff is also subject to the "three strikes" rule of the Prison Litigation Reform Act. *Id.* at 2 (citing *Atkinson v. Bundy*, 3:97-3175-19BC (D.S.C. Nov. 6, 1997)). The "three strikes" rule provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

2

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (statute governing proceedings *in forma pauperis*). Finally, the Magistrate Judge found that Plaintiff's complaint "does not fit within [the imminent physical harm] exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury."[3] Report at 3. Accordingly, the Magistrate Judge recommended that in order to proceed with this complaint, Plaintiff must pay the full filing fee.

In his objections, Plaintiff objects to the recommendation that he must pay the full filing fee in order to proceed with this complaint, but he fails to object to any of the Magistrate Judge's reasons for requiring the full payment. Plaintiff does not dispute that he is subject to an order of pre-filing review, or that he is subject to the "three strikes" rule. Additionally, nowhere in his objections does he allege that he is in imminent danger of serious physical injury. On the contrary, Plaintiff appears to argue only that he does not have the finances to pay the full filing fee. Specifically, he states that he has "only $6.43 in funds at all times and that [he doesn't] get any funds coming in from the outside." Obj. at 2. However, the court finds that this objection is without merit as it does not address the court's reasons for requiring payment of the full filing fee–i.e., the pre-filing review order and "three strikes rule."

## **Conclusion**

For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Plaintiff's motion to proceed *in forma*

---

[3] The court also notes that the Magistrate Judge found the following: "[P]ursuant to the terms of the pre-filing review order, this court does not believe that Plaintiff should be permitted to bring this case *in forma pauperis*." Report at 3.

*pauperis* is **DENIED**. Additionally, Plaintiff is given **fifteen (15) days** from the date of this Order to pay the full filing fee (currently $350). If Plaintiff fails to timely pay the full filing fee within that time period, the Clerk shall dismiss this case without prejudice.

**IT IS SO ORDERED.**

                                          s/R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
May 10, 2010